UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1052 HEA |
| ) | |
| ONE 1993 FREIGHTLINER ) | |
| TRACTOR, MODEL #D120042ST ) | |
| VIN 1FUWDPYA9PH435771, ) | |
| ) | |
| ONE 1990 CHEVROLET C3500 ) | |
| TOW TRUCK, VIN ) | |
| 1GBHC34KXLE257623, ) | |
| ) | |
| and ) | |
| ) | |
| ONE 2000YALE TROJAN FRONT ) | |
| LOADER, SERIAL #20-1388 ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the court on Claimant Roderick McAllister's Motion for Reconsideration, [Doc. No. 15]. The Government opposes the motion and has filed a written opposition thereto. For the reasons set forth below, the Motion is denied.

Claimant's Motion seeks reconsideration of the Default Judgment entered in this matter with respect to the forfeiture of the named vehicles. In his *pro se* motion, Claimant states that he responded in a "timely manner" to a letter he

received in April, 2006 from the Federal Bureau of Investigation (FBI) regarding the forfeiture of the vehicles. Claimant sent a letter to the FBI seeking recovery of the seized vehicles, and now asks the Court to reconsider the default judgment entered in this matter because of his submissions to the FBI.

**Background**

On February 15, 2006, the named vehicles were seized by the FBI as proceeds from the underlying criminal activity of Otis McAllister, Cause Number 4:05CR65 HEA.

On March 16, 2006, the FBI began administrative forfeiture process against the three named vehicles. Notice of seizure was sent to Claimant. Claimant responded by filing a claim of interest to the vehicles with the FBI on April 17, 2006. On April 19, 2006, the FBI responded to Claimant's claim. In a letter dated April 19, 2006, certified return receipt, from the Supervisory Special Agent, the FBI advised Claimant that the FBI had received his claim and had referred the matter to the United States Attorney's Office. This letter also listed the U.S. Attorney's address. The letter further advised Claimant that if he had any questions, he should direct them to the FBI's Forfeiture Paralegal Specialist. The address and telephone number for same were set forth in the letter.

On April 27, 2006, the FBI sent another letter, certified return receipt to

Claimant. This letter advised Claimant that Claimant's petition for release of the vehicles had been denied and that forfeiture proceedings were continuing against the property. Claimant was further advised that he could file a petition for the release of the property with the United States District Court, Eastern District of Missouri.

On July 13, 2006, the Government filed its Verified Complaint of Forfeiture and Warrant for Arrest of Property. The Complaint and Warrant were delivered by certified mail to Claimant. Claimant was served at his residence. Service was accepted on July 25, 2006 by Jaioua Singleton.

The Warrant for Arrest of Property served on Claimant as an attachment to the Verified Complaint of Forfeiture set forth the specific process for filing a claim against the property. The warrant specifically states: "any claimant9s0 to the property shall and must file their Verified Statement in writing with the Clerk of this Court within 30 days after the execution of this process, or within such additional time as may be allowed by the Court, and shall serve their answers within 20 days after the filing of their Verified Statement. All Verified Statements shall comply with the requirements of paragraph 6 of [Supplemental] Rule C [for Certain Admiralty and Maritime Claims]." Furthermore, notice of the forfeiture action and arrest was published in the St. Charles County Record newspaper on July 19, 2006 and August 2, 2006.

No Verified Statements were filed within the required time period by Claimant, or any other person.  The Government filed its Motion for Default on November 29, 2006.  The Court granted the Motion and entered a Default Judgment on December 13, 2006.

## Discussion

District courts enjoy broad discretion in ruling on motions to reconsider. *See Concordia College Corp. v. W.R. Grace & Co.,* 999 F.2d 326, 330 (8th Cir.1993). Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no more than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(e).  The Eighth Circuit has explained that Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care v. P.T.--O. T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998)(quoting *Norman v. Arkansas Dep't of Educ.,* 79 F.3d 748, 750 (8th Cir. 1996)).  Motions under Rule 59(e) serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988)).  "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*  Rule 59(e) motions are not proper

vehicles for raising new arguments or legal theories. *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 834 (8th Cir.2004). Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Id.* (citations and quotations omitted).

In this case, Claimant argues that he believed he had complied with the requirements necessary to make a claim of ownership on the property. The facts, however, clearly establish that Claimant was advised that he needed to take further action. The April 27, 2006 letter from the FBI advised Claimant that forfeiture proceedings were continuing against the property in this Court and that he could file a petition with this Court. The Warrant set forth the procedures that Claimant was required to follow. Claimant did not take any action with respect to the Verified Complaint and the Warrant. Claimant does not claim that he did not receive the letters from the FBI nor the Verified Complaint and Warrant.

The Court has reviewed the pleadings and the record and finds no manifest errors of law or fact which would justify granting a Rule 59(e) motion to amend or alter its prior judgment. Thus, there is no reason for amending the judgment in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Claimant Roderick McAllister's Motion

for Reconsideration, [Doc. No. 15], is denied.

Dated this 8th day of March, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE